**Paul BLUMBERG, Plaintiff—Appellant,**

v.

**Daryl GATES; et al., Defendants—Appellees.**

**No. 03–57123.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2005.*

Decided Nov. 2, 2005.

Janet G. Bogigian, Deputy City Attorney, Los Angeles,. CA, for Plaintiff—Appellant.

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice, CA; Janet G. Bogigian, Deputy City Attorney, Rockard J. Delgadillo, Esq., Dale B. Goldfarb, Esq., Colleen R. Smith, Esq., Harrington, Foxx, Dubrow & Canter, LLP, Steven D. Blades, Esq., Manning & Marder et al, LLP, Los Angeles, CA, for Defendants—Appellees.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and EZRA,** District Judge.

## MEMORANDUM ***

Plaintiff–Appellant Paul Blumberg appeals the district court's grant of summary judgment to Defendants–Appellees on his section 1983 false arrest claim and the dismissal of his RICO claims for lack of standing. We affirm.

We review de novo a district court's grant of summary judgment. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). A district court's order dismissing a RICO claim for failure to meet the standing requirement of showing injury to business or property, as set forth in 18 U.S.C. § 1964(c), is also reviewed de novo. *See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1085 (9th Cir.2002).

As the parties moving for summary judgment, Appellees had the initial burden of demonstrating that no genuine issue of material fact existed. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). They did so by providing the declarations of the two investigating sheriff's deputies, who stated that the LAPD was not involved in the investigation, and by bringing forth credible evidence upon which they claim to have based their finding of probable cause. Once Appellees made this showing, Appellant bore the burden of coming forward with specific material facts to refute Appellees' evidence and demonstrate the need for trial. *See* Fed.R.Civ.P. 56(e). Appellant could not stand on his pleadings or simply assert that he would be able to discredit the movant's evidence at trial. *See id.; T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987). Because there is simply no evidence in the record to support Appellant's novel new spin on his section 1983 claim,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellant failed to raise any genuine issue of material fact.

Appellant also asserts that the district court erred in dismissing his RICO claims for lack of standing, arguing that his allegation of lost wages while incarcerated constituted a compensable injury to business or property as required by the statute. We will not address this argument, however, because Appellant has conceded that the factual allegations upon which his RICO claims are premised are false. The district court's decision may be affirmed on any ground supported by the record. *See Oscar v. Univ. Students CO-Op. Ass'n,* 965 F.2d 783, 785 (9th Cir.1992) (en banc). Therefore, we affirm the district court's dismissal of Appellant's RICO claims.

AFFIRMED.